UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00117-TBR

ENCOMPASS INDEMNITY COMPANY          Plaintiff/Counterclaim Defendant

v.

HAROLD HALFHILL, II,                 Defendant/Counterclaim Plaintiff
and
SONYA HALFHILL                                            Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant/Counterclaim Plaintiff Harold Halfhill's (Halfhill) "Motion to Alter and/or Amend Judgment, Order, and Memorandum Opinion." (Docket No. 32.) Plaintiff/Counterclaim Defendant Encompass Indemnity Company (Encompass) has responded, (Docket No. 33), and Halfhill has replied, (Docket No. 32). This matter now is ripe for adjudication.

The factual background relative to this matter is recited in the Court's Memorandum Opinion of December 12, 2013. (Docket No. 30, at 2-3.) In the interest of brevity, it will not be recited again here. In that Memorandum Opinion, the Court found that the Polaris Ranger occupied by Halfhill at the time of the accident was a "vehicle" within the plain, ordinary, and unambiguous meaning of that term as it appears in the policy of insurance issued by Encompass. (*See* Docket No. 30, at 5-10.) The Court further found that the "owned but not insured" clause in that policy was not void as against public policy. (*See* Docket No. 30, at 11-14.) Halfhill presently moves the Court to reconsider those conclusions.

STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an

interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

In his instant Motion, Halfhill argues for reconsideration of the Court's decision to grant of summary judgment in favor of Encompass, arguing that the Court's conclusions "were based on clear errors of fact and/or misapplications of the substantive laws of Kentucky." (Docket No. 32, at 1.) Halfhill's Motion, however, does not establish a clear error of law warranting the relief he seeks. Instead, Halfhill seems merely to renew arguments he previously raised, which the Court already has considered and either expressly or implicitly rejected. Ultimately, Halfhill's Motion represents little more than his disagreement with the Court's interpretation of the insurance policy in question and the Court's application of Kentucky law to that policy's provisions. As noted above, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Hitachi Med. Sys.*, 2010 WL 2836788, at *1, and, under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead*, 301 F. App'x at 489 (citing *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374), or otherwise to "merely restyle or rehash the initial issues," *White*, 2008 WL 782565, at *1. Quite simply, "[i]t is not the function of a motion to reconsider arguments already

considered and rejected by the court." *Id.* (citation omitted). Accordingly, the Court finds no basis to grant Halfhill the relief he presently seeks and, instead, reaffirms its prior decision granting summary judgment in Encompass's favor.

## CONCLUSION

Therefore, having considered the parties' respective arguments and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Defendant/Counterclaim Plaintiff Harold Halfhill's (Halfhill) "Motion to Alter and/or Amend Judgment, Order, and Memorandum Opinion," (Docket No. 32), is DENIED.

IT IS SO ORDERED.

Date:

cc: Counsel